**HUTTER NORTHERN TRUST, by John A. Hutter, Trustee, John A. Hutter, operating Chateau Hutter and John A. Hutter, individually, Plaintiffs-Appellants,**

v.

**DOOR COUNTY CHAMBER OF COMMERCE et al., Defendants-Appellees.**

**No. 16819.**

United States Court of Appeals
Seventh Circuit.

Nov. 5, 1968.

John A. Hutter, Chicago, Ill., for plaintiffs-appellants.

Laurens G. Hastings, Henry L. Mason, III, David P. List, Chicago, Ill., for defendants-appellees; Leibman, Williams, Bennett, Baird & Minow, Chicago, Ill., of counsel.

Before HASTINGS, SWYGERT and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

This diversity action charged that defendants Door County Chamber of Commerce and certain named resort owners residing in Door County, Wisconsin conspired to maliciously interfere with and do injury to plaintiff's (John A. Hutter's) Door County resort business known as "Chateau Hutter," illegally expelled the plaintiff Hutter from Chamber of Commerce membership, wrongfully interfered with his resort space contract rights, and libelled the plaintiff by letters written to Illinois residents. The district court dismissed the suit for lack of personal jurisdiction over the defendants, and the plaintff has appealed. We reverse and remand as to the Chamber of Commerce and affirm as to the individual defendants.

Chateau Hutter has been owned and operated by the plaintiff for over twenty years. The plaintiff apparently became a member of the Door County Chamber of Commerce immediately upon commencing operation of Chateau Hutter and remained a member of the organization until April, 1965 when he was informed by the Chicago Tribune that since he was no longer a Chamber of Commerce member, he could not participate in the "block" advertisements which the Chamber runs each year in the newspaper. According to the complaint, such advertisements were the prime source of reservation inquiries and consequent resort space reservation contracts. The complaint alleged that the Chamber was in effect a vehicle for the cooperation among resort owners which was essential for the undertaking of these joint advertising endeavors.

After the Tribune rebuff, the plaintiff alleged that he contacted the Chamber's advertising agency and through it learned of the Chamber's instructions to exclude his resort from all group advertising and to discontinue business relations with the plaintiff. The plaintiff further alleged that he contacted the directors of the Chamber concerning their arbitrary exclusion which he claimed was contrary to Wisconsin corporation law because there had been no compliance with the due notice and hearing provisions of the Chamber's by-laws. He further averred that although he was reinstated as a Chamber member in April, 1966, he was again expelled from membership in January, 1967.

The vital questions are whether plaintiff's claims arise from the transaction of business in Illinois by the Chamber of Commerce and the individual defendants and whether the defendants committed tortious acts in Illinois within the meaning of the Illinois "long-arm" statute. Ill.Rev.Stat. ch. 110, § 17 (1965).[1]

On the question of transaction of business in Illinois by the Door County Chamber of Commerce, the complaint alleged that the Chamber spent most of its funds for advertising in newspapers and over radio stations in the Chicago area, that it maintained booths and displays in travel, boat, and sportsman's shows conducted in Chicago, and that it distributed brochures and travel literature at the Wisconsin State Travel office and at the offices of newspapers and other travel agencies, all

---

1. Section 17 of the Illinois Civil Practice Act reads in relevant part:

    (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

    (a) The transaction of any business within this State;

    (b) The commission of a tortious act within this State;

located in Chicago. In response to the block newspaper advertisements, it is alleged that the Chamber sent to Illinois residents promotional literature concerning Door County resorts. The plaintiff also alleged that he received ninety per cent of his resort contract business from Illinois residents and that the other Chamber members got the "greater part of their reservations" from Chicago area inhabitants. The plaintiff further alleged that the Chamber wrote letters to various Illinois residents asserting that he had been dropped from membership in the Chamber and that as a result of the Chamber's intervention, the plaintiff's literature and listing were excluded from booths in boat, travel and sportsman's shows conducted in Illinois. Since this case comes to us on appeal from the district court's quashing service of process and the dismissal of the complaint, we treat as true the foregoing jurisdictional allegations.

The district court decided that the Chamber of Commerce and the individual defendants did not transact business in Illinois, citing as authority Koplin v. Saul Lerner Co., Inc., 52 Ill.App.2d 97, 201 N.E.2d 763 (1964). In that case, a dealer in puts and calls was held not subject to personal jurisdiction in Illinois where it appeared that his only activity in the state was by way of newspaper advertising. The court there stated and the court below here reiterated that, "A willingness to do business and solicitation of business do not constitute the doing of business." 52 Ill.App.2d at 104, 201 N.E.2d at 767. We believe, however, that unquestioning reliance on the *Koplin* decision is misplaced. As our discussion hereinafter indicates, we think a more flexible test than that outlined in Koplin v. Saul Lerner Co., Inc., must be applied to the business activities of a chamber of commerce.

■ A basic consideration which underlies the law relating to jurisdiction over nonresidents is that the evidence of sufficient contacts within a state to avoid violation of due process by substituted service depends upon the particular facts of each case. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961). The service there was upheld in a tort action where defendant's only contact in Illinois was its sale in the course of commerce in that state of a valve put into a water heater in Pennsylvania which exploded and injured the plaintiff, a resident of Illinois. This is the leading Illinois decision determining the "extent to which due process permits substituted service where defendant had no agent or employee" in Illinois. 22 Ill.2d at 437, 176 N.E.2d at 763.

■ It is unnecessary to trace the recent extension of personal jurisdiction over nonresident defendants through substituted service. Suffice it to say that due process implications were settled in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The thrust of these decisions is that sufficient "minimum contacts" must exist in the forum state so that jurisdiction over nonresident defendants is reasonable and just according to traditional concepts of fair play and substantial justice. See also National Gas Appliance Corp. v. AB Electrolux, 270 F.2d 472 (7th Cir. 1959), cert. denied, 361 U.S. 959, 80 S.Ct. 584, 4 L.Ed.2d 542 (1960), and Consolidated Laboratories, Inc. v. Shandon Scientific Co., 384 F.2d 797 (7th Cir. 1967). Whether sufficient minimum contacts exist cannot be answered by applying a formula or rule of thumb, but by ascertaining what is fair and reasonable in the circumstances of the particular situation. In applying this flexible test the relevant inquiry is whether a nonresident has engaged in some act or conduct by which he may be said to have invoked the benefits and protection of the laws of the forum.

■ The Illinois Supreme Court in *Gray* said that the requirements for jurisdiction "have been further relaxed" since *International Shoe* and that it is

sufficient that the "act or transaction itself" has a substantial connection with the forum state. 22 Ill.2d at 438, 176 N.E.2d 761. Moreover, the legislative intent of the Illinois long-arm statute is to assert jurisdiction over nonresidents to the extent permitted by the due process clause. Koplin v. Thomas, Haab & Botts, 73 Ill.App.2d 242, 249, 219 N.E.2d 646, 649 (1966). The Appellate Court of Illinois in that case held that physical presence of the defendant within the state, although a factor in the jurisdictional determination, should not be a controlling factor. After pointing out that the Illinois Supreme Court in *Gray* had decided that physical presence within the state is not required in personal injury cases to establish jurisdiction, the court in Koplin v. Thomas said that it saw no "substantial reason" for distinguishing personal injury actions from those arising out of business transactions. See also Ziegler v. Houghton-Mifflin Co., 80 Ill.App.2d 210, 224 N.E.2d 12 (1967).

■ In the case at bar, the district court's determination that the Door County Chamber of Commerce did not "transact" any business in Illinois was based on the view that solicitation of business alone is insufficient to confer jurisdiction under section 17(1) (a) of the Illinois statute. We believe that this view taken as an inflexible rule is too dogmatic when applied to situations such as exist in this case. Further, we believe that this view reflected an overly narrow reading of the allegations contained in the complaint.

It is clear from the allegations that the Chamber of Commerce devoted a substantial share of its energy to Illinois activities in the form of newspaper and radio advertising on behalf of its resort-owner members and the maintenance of permanent literature display centers. In fact, the district court, in deciding the issue here presented, alluded to the Chamber's distribution of literature on a *permanent* basis in Chicago as well as to its participation in travel, boat, and sportsman's shows and its mailing to Illinois residents of brochures and related literature upon request. Moreover, the plaintiff alleged that ninety per cent of his resort business was derived from Illinois residents and that the other Door County resort owners who advertised through the Chamber received a similar amount of Illinois business.

In assessing the nature of the Chamber's activities, a functional approach must be employed. It must be remembered that the sole business activity of the Chamber in Illinois was to allure Illinois residents to Door County, and that this corporate defendant is a chamber of commerce and not an ordinary business enterprise. Under these circumstances, it is unrealistic to assess the activity of a chamber of commerce in the same manner that the activities of other enterprises are assessed, that is, to require of a chamber of commerce the same character of jurisdictional business activity that would otherwise be required. Although it may be necessary to show that the ordinary business enterprise has done more than merely solicit business in Illinois to be amenable to the long-arm statute, there is no such necessity with respect to a chamber of commerce given the fact that solicitation of business is the sole or at least the main activity of such an organization.

Since the prime function of a chamber of commerce is to drum up business for its members, it is difficult to imagine a stronger example of the transaction of business through solicitation than that alleged in the instant case. We do not view the assertion of personal jurisdiction here through out-of-state process of service so fundamentally unfair as to affront due process. The Chamber of Commerce focused its advertising and solicitation activity in Illinois and its members relied almost entirely on the results of such solicitation for their business. Taking the allegations of the complaint as true, the actions of the Chamber in Illinois were closely connected to the claim asserted. The Illinois service of process before us is not unreasonable or unforeseeable in light of the multifarious activities of

**486**

the Chamber of Commerce within the state. In sum, we believe that these activities in Illinois by and on behalf of the Door County Chamber of Commerce bring it within the reach of the Illinois long-arm statute. The plaintiff's claim lies "in the wake" of the defendant's Illinois business activities. Koplin v. Thomas, 73 Ill.App.2d at 253, 219 N.E. 2d 646. Moreover, it appears that the Chamber has purposefully availed itself of the privilege of conducting activities within Illinois and thereby invoked the benefit of its laws.

Concluding as we do that the Chamber of Commerce transacted a sufficient amount of business in Illinois to subject it to the jurisdiction of the courts of Illinois or a federal court sitting in Illinois, it is unnecessary to consider the plaintiff's additional proposed ground of jurisdiction, namely, the commission of a tortious act in Illinois.

■ We are of the view, however, that Hutter's tort claims should be heard by the district court since they are closely related to the acts upon which jurisdiction over the Chamber is based and therefore pursuant to section 17, are required to be adjudicated by federal courts sitting in Illinois.

■ The remaining jurisdictional question, whether the individual defendants, who allegedly acted in concert with the Chamber of Commerce, may be served under the Illinois long-arm statute, is easily disposed of with reference to the complaint. Nowhere therein does the plaintiff make reference to any Illinois acts committed by the individual defendants. As a consequence, this court is unable to find any justification for their service under the Illinois long-arm statute.

The district court's order quashing service of process on the Door County Chamber of Commerce and dismissing the complaint as to that defendant is reversed; its order quashing the service of process and dismissing the complaint as to the individual defendants is affirmed.