**TOMMILLS BROKERAGE COMPANY,**
Inc., an Illinois corporation,
Plaintiff-Appellant,

v.

**LOEB, RHOADES & COMPANY,** a partnership, **Robert McDonald** and **Medical Facilities Corporation,** a Nevada corporation, Defendants-Appellees.

No. 16941.

United States Court of Appeals
Seventh Circuit.

May 22, 1969.

Joel Murray, Chicago, Ill., for appellant.

Sherwood K. Platt, John K. Edmunds, Francis J. Higgins, Edward H. Hickey, Chicago, Ill., for appellees.

Before HASTINGS, Senior Circuit Judge, SWYGERT and FAIRCHILD, Circuit Judges.

HASTINGS, Senior Circuit Judge.

The sole issue presented on this appeal is whether the federal district court erred in dismissing plaintiff's complaint for want of personal jurisdiction over the person of each defendant.

This diversity action was brought by Tommills Brokerage Company, Inc. (plaintiff), an Illinois corporation based in Chicago, Illinois, by filing a four-count complaint in the Northern District of Illinois. Named as defendants were three non-residents of Illinois, viz.: Loeb, Rhoades & Company (Loeb,

Rhoades), a partnership and citizen of New York; Robert McDonald (McDonald), a citizen of Utah; and Medical Facilities Corporation (MFC), a Nevada corporation based in Las Vegas, Nevada.

None of the defendants submitted to personal jurisdiction in this forum. Extraterritorial service of process on such defendants was sought pursuant to the "long-arm" statute of Illinois, §§ 16–17, Illinois Civil Practice Act, Ill.Rev.Stat. ch. 110 (1955). The relevant part of this statute provides:

> " § 16. Personal service outside State
>
> (1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication.
>
> \* \* \* \* \* \*
>
> "§ 17. Act submitting to jurisdiction—Process
>
> (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person \* \* \* to the jurisdiction of the courts of this State *as to any cause of action arising from the doing of any such acts:*
>
> (a) The transaction of any business within this State;
>
> (b) The commission of a tortious act within this State,
>
> \* \* \* \* \* \*
>
> (3) *Only causes of action arising from acts enumerated* herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section. \* \* \* \* "
> (Emphasis supplied.)[1]

Plaintiff corporation was a loan broker and financial consultant. Defendant partnership Loeb, Rhoades was a securities dealer, underwriter, financial consultant and investment adviser and was otherwise active in the financial field. Defendant corporation MFC was planning the construction of a large nursing home in Nevada and was desirous of obtaining a construction loan in the minimum amount of $1,500,000. Defendant McDonald was acting as president of MFC.

The district court sustained motions by all defendants to dismiss the complaint for want of jurisdiction on the grounds that none of defendants transacted any business or committed tortious acts in Illinois so as to subject defendants to the jurisdiction of the court. Plaintiff appealed.

We do not feel required to set out in detail the many allegations in the four-count complaint or the detailed facts set out in the affidavits filed in support of or in opposition to the motions to dismiss. We shall make such references as may shed light on our disposition of this appeal.

Plaintiff's complaint sought recovery of damages from defendants on the theory that plaintiff was deprived of a broker's percentage loan commission on a proposed loan transaction which plaintiff was purportedly employed by defendant MFC to arrange. The harm allegedly resulted from various charges of fraud and deceit, defamation, contractual interference, inducement to breach of contract and conspiracy to bring about the same. The alleged loan transaction was never consummated; no commission was paid.

■ Loeb, Rhoades has no office or employees within Illinois. It does not maintain any telephone listing or mailing address and does not conduct any business activities within this jurisdiction. It is registered as a securities dealer in Illinois in compliance with the state "Blue Sky" law. Certain of its

---

1. In a diversity case, extraterritorial service of process must be made in the manner prescribed by state law. Federal Rules of Civil Procedure, Rule 4(d) (7), 28 U.S.C.A. (1968).

customers, for whom it elsewhere maintains accounts and buys and sells securities, reside in Illinois. None of these transactions, however, takes place in Illinois. Plaintiff was *not* one of such customers. Plaintiff does not claim that its alleged corporate loan transaction with MFC was related *to such securities* transactions.

Plaintiff placed an advertisement in The Wall Street Journal on July 31, 1967 indicating that it represented a lending institution interested in financing hospitals, and this came to the attention of McDonald and MFC. McDonald contacted plaintiff's agent and representative in Salt Lake City, Utah, one Ronald Davey. As a result, a "Standby Fee Agreement" was made and entered into between MFC and plaintiff on August 3, 1967 in Utah by McDonald and Davey. The loan commitment was never procured or tendered to MFC under the terms of the standby agreement. Thereafter, on September 13, 1967, the parties finally and fully terminated the standby agreement, and plaintiff refunded to McDonald a $1,000 standby fee he had paid.

Thereafter, in October, 1967, plaintiff attempted to revive the loan transaction without success and nothing further was accomplished.

█ MFC is not qualified to do business in Illinois, has never done business in Illinois, and has no representatives, employees or interest in property there. Its sole interest in the loan transaction was to finance a proposed nursing home in Nevada. Any such loan obtained by or through plaintiff was to be funded through a bank in Nevada. The only contact of McDonald or MFC with Illinois was one trip to Illinois by McDonald in October, 1967, to clarify certain loan proposals which plaintiff claimed it had obtained but which were not in hand.

The only occasion upon which it was claimed that Loeb, Rhoades ever had an agent in Illinois in connection with the matter in suit was shown to be for another purpose. Only a slight reference was made to the MFC matter and this came after the contract between plaintiff and MFC had been canceled.

Suffice it to say that we have examined the record which was before the district court on the motions to dismiss. We conclude the trial court did not err in finding and holding that none of the defendants transacted business or committed tortious acts in Illinois in September and October, 1967, which would subject such defendant to the jurisdiction of the trial court.

The construction and interpretation of Sections 16 and 17 of the Illinois Civil Practice Act, *supra*, is not new to this court. We have examined the ten *cited* prior decisions. Orton v. Woods Oil and Gas Co., 7 Cir., 249 F.2d 198 (1957); Kaye-Martin v. Brooks, 7 Cir., 267 F.2d 394 (1959), cert. denied, 361 U.S. 832, 80 S.Ct. 84, 4 L.Ed.2d 75; National Gas Appliance Corporation v. AB Electrolux, 7 Cir., 270 F.2d 472 (1959), cert. denied, 361 U.S. 959, 80 S.Ct. 584, 4 L.Ed.2d 542; Trippe Manufacturing Company v. Spencer Gifts, Inc., 7 Cir., 270 F.2d 821 (1959); Purdy Co. v. Argentina, 7 Cir., 333 F.2d 95 (1965), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557; Continental Nut Company v. Robert L. Berner Company, 7 Cir., 345 F.2d 395 (1965); Edwards v. St. Louis-San Francisco Railroad Company, 7 Cir., 361 F.2d 946 (1966); Consolidated Laboratories, Inc. v. Shandon Scientific Co., 7 Cir., 384 F.2d 797 (1967); Desert Palace, Inc. v. Salisbury, 7 Cir., 401 F.2d 320 (1968); Hutter Northern Trust v. Door County Chamber of Commerce, 7 Cir., 403 F.2d 481 (1968). See also Insull v. New York, World-Telegram Corporation, 7 Cir., 273 F.2d 166 (1959), cert. denied, 362 U.S. 942, 80 S.Ct. 807, 4 L.Ed.2d 770; Edwin Raphael Company v. Maharam Fabrics Corp., 7 Cir., 283 F.2d 310 (1960). Cf. Kokomo Opalescent Glass Co. v. Arthur W. Schmid Inter., Inc., 7 Cir., 371 F.2d 208 (1966).

Beginning with *Orton* and down through *Hutter Northern Trust* we have traced the development of "the recent extension of personal jurisdiction over

nonresident defendants through substituted service." In so doing we have repeatedly considered the general guideposts marked by the Supreme Court, as well as the relevant cases handed down by the Supreme and Appellate Courts of Illinois. The thread running through this entire newly developed body of case law is consistent with and gives ample support to our present holding.

The several cases cited by plaintiff are readily distinguishable from the case at bar. No contract was made or performed in Illinois. No substantial contacts with Illinois were present here. The activities relied upon by plaintiff were unrelated to this cause of action. In sum, the record under consideration, in light of our established precedent, leaves us with the inescapable conclusion that defendants' activities in Illinois fall far short of enabling plaintiff to bring them within reach of the Illinois long-arm statute.

The judgment of the district court is affirmed.

Affirmed.