**Allen KULM and Verna Kulm, Appellants,**

**v.**

**The IDAHO FIRST NATIONAL BANK, a Corporation, and John J. Asumendi, Appellees.**

**Nos. 19883, 19884.**

United States Court of Appeals, Eighth Circuit.

June 30, 1970.

---

John Asumendi and the Idaho First National Bank (hereinafter Bank), both citizens of Idaho, for damages arising out of an alleged negligent and fraudulent misrepresentation. Plaintiffs attempted to serve the defendants by delivery of summons upon the Secretary of State of South Dakota, pursuant to the South Dakota long arm statute, S.D.C.L. §§ 47–8–17 and 15–7–2 (1967).[1] The defendants moved for dismissal on the ground of lack of personal jurisdiction. The district court, the Honorable Axel Beck, granted the motion to dismiss on this ground. Plaintiffs appealed. We affirm.

Count I alleges that in 1964 Astro Motels, Inc.[2] (hereinafter Astro), entered into a joint venture with plaintiffs to construct a motel in Idaho. Plaintiffs assert that in making their investment of $25,000 in the joint venture they relied upon the representations of the defendant Bank and its Vice-President, John Asumendi, that Astro could qualify for a $300,000 loan; that Astro was unable to meet the requirements of the loan and plaintiffs have accordingly been damaged. Count III involves the same allegations but adds that Astro and the defendants were involved in a conspiracy to fraudulently induce plaintiffs to make their investment by misrepresentations.

In Count II, plaintiffs realleged the facts pleaded in Count I and additionally stated that prior to and on September 24, 1965, the Bank contrived to falsely represent and warrant that Astro could meet the conditions of the loan and that as a proximate result plaintiffs were *prevented* from taking timely steps to seek collection of their contributions. Affidavits filed by the parties show that on September 24,

Morris Myers, Aberdeen, S. D., for appellants, and filed brief.

Raymond M. Schutz, of Agor, Siegel, Barnett, Schutz & O'Keefe, Aberdeen, S. D., for appellees, and filed brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

LAY, Circuit Judge.

Allen and Verna Kulm, citizens of South Dakota, brought suit against

---

1. S.D.C.L. § 15–7–2 provides:
   "Acts within the state subjecting persons to jurisdiction of the courts.—Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, or through an agent, of any of the following acts:

\* \* \* \* \*
   (2) The commission of any act which results in accrual within this state of a tort action; \* \* \*."

2. The parties sometimes refer to this corporation as Astromotels, Inc.

1965, Asumendi on behalf of the Bank forwarded a letter (at the request of an official of Astro) to plaintiffs in South Dakota. The letter read: "Although there are a few requirements yet to be fulfilled, it is my opinion that no serious obstacles will be encountered in issuing an interim commitment to 'Astro' in the amount of $300,000.00."

■ The only contact within the State of South Dakota [3] involving Asumendi and the Bank was the receipt of the aforementioned letter by the Kulms. The district court found that the sending and receipt of this one letter did not constitute a "minimum contact" to afford a basis for service of process. We agree.

■ Nonresident jurisdiction under the South Dakota single act statute is generally intended to be as extensive as might be permitted under the standard of due process. Ventling v. Kraft, 161 N.W.2d 29 (S.D.1968). See also Kelley v. Duling Enterprises, Inc., 172 N.W.2d 727 (S.D.1970). The statute does require that a cause of action arise from the doing of some act "which results in accrual within this state of a tort action." S.D.C.L. § 15-7-2(2). Under this statute, the only possible basis upon which to assert jurisdiction would be the letter sent by Asumendi to Kulm. The facts and damages alleged in Count I all preceded the sending of the letter and are not related to the letter itself. Plaintiffs' investment was not in any way induced by any representation made in the letter. The investments by the plaintiffs were made in December of 1964 and April of 1965, several months before the letter was mailed. The examination of the books of Astro and the reports and opinions of the Bank were all made and evidently relied upon by the Kulms *outside* of the State of South Dakota. The pleadings and affidavits contain no allegation that any of the defendants were ever in the State of South Dakota. Any "conspiracy," as alleged in Count III, necessarily would have to have been formed outside of the State of South Dakota and any fraudulent inducement arising from such a conspiracy occurred *prior* to or contemporaneous to the investment.

Under Count II it is asserted that the September 24, 1965, letter constitutes a basis for negligent misrepresentation. It is difficult to agree. The letter plainly sets forth only a conditional opinion by the writer. The complaint alleges that the letter "prevented" plaintiffs "from taking immediate and timely steps to effectuate collection and return of their * * * contributions. * * * " [4] It would seem that plaintiffs seek to attach their basic claim for relief (Count I), which occurred outside the state, under the umbrella of an incidental and nonrelated act occurring in

---

3. In addition to producing the letter of September 24, 1965, plaintiffs also alleged by affidavit that Allen Kulm conferred at least twice with John Asumendi by telephone. Plaintiffs allege that on those occasions plaintiffs were allegedly given "assurances" of the financial capability of Astro to complete the "arrangements" between the plaintiffs and the defendant. Asumendi in an affidavit denied any long distance calls with the plaintiffs.

On the basis of these affidavits, the district court made a finding of fact that Asumendi did not give any "assurances" to plaintiffs by telephone. More significant here is the fact that the complaint and affidavits do not allege that these long distance calls were made to the Kulms in South Dakota.

4. The present complaint was filed on March 4, 1968. Assuming plaintiffs were prevented from knowing of the alleged false misrepresentations by reason of the letter of September 24, 1965, plaintiffs still could have filed their claim based upon the alleged deceit against the defendants in the State of Idaho as of March 4, 1968. Liability arising from an action in deceit extends for three years, time running from the discovery thereof. Idaho Code Ann. § 5-218 (1947). This would suggest that in fact plaintiffs were not "prevented" from seeking redress for any initial fraud in inducing plaintiffs to make their investment at the time they initiated this suit.

the state. It may be that other acts more substantially relate to plaintiffs' basic claim. These acts, however, apparently have occurred outside of the State of South Dakota and cannot be the basis of any claim accruing within the state. However, we need not base our decision on whether the plaintiffs have alleged under Count II a tortious act accruing in South Dakota. The defendants did not enter into the state nor did they carry on any negotiations in the state. It cannot be said that defendants "purposively" availed themselves of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The mailing of the letter, dated September 24, 1965, received by plaintiffs in South Dakota, in our judgment is not a sufficient minimal contact to subject defendants to personal jurisdiction.

In Aftanase v. Economy Baler Co., 343 F.2d 187 (8 Cir. 1965), we noted that the three primary facts to be considered in evaluating contacts to establish jurisdiction in a state are: (1) the quantity of the contacts, (2) the nature and quality of the contacts, and (3) the source and connection of the cause of action with those contacts. See also Thompson v. Ecological Science Corp., 421 F.2d 467 (8 Cir. 1970); Electro-Craft Corp. v. Maxwell Electronics Corp., 417 F.2d 365 (8 Cir. 1969). It strains imaginative reasoning to say any evidence exists in the present record which might be subjected to such analysis, but at the very best, whatever quantitative or qualitative considerations might be made, the contact here lacks sufficient substance to subject defendants to personal jurisdiction. Defendants' letter sent to the Kulms at their residence in the forum had only an indirect and casual connection with the State of South Dakota. We find there exists here insufficient minimal contact under recognized concepts of due process to exercise jurisdiction over defendants.

Cf. Tommills Brokerage Co. v. Loeb, Rhoades & Co., 411 F.2d 764 (7 Cir. 1969); Trippe Mfg. Co. v. Spencer Gifts, Inc., 270 F.2d 821 (7 Cir. 1959).

Judgment affirmed.