**TATHAM–LAIRD & KUDNER, INC.,**
**Plaintiff,**

v.

**JOHNNY'S AMERICAN INN, INC.,**
**Defendant.**
**No. 74 C 1175.**

United States District Court,
N. D. Illinois, E. D.
Sept. 9, 1974.

James E. Betke, McDermott, Will & Emory, Chicago, Ill., for plaintiff.

Michael W. Coffield, Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

The plaintiff, Tatham-Laird & Kudner, Inc. (hereinafter TLK), an advertising agency, brings this action to recover $78,235.54 allegedly owed to it by the defendant, Johnny's American Inn, Inc. (hereinafter Johnny's) for services performed pursuant to a written advertising contract. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332; the plaintiff being a Delaware corporation with its principal place of business in Chicago, Illinois, while the defendant is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

The defendant challenges the personal jurisdiction of this court, moving both to dismiss the instant action and to quash the issuance and return of summons. In support, the defendant maintains that:

1. It is a Nebraska corporation;

2. It is not and never has been an Illinois corporation;

3. It is not qualified or licensed to do business in Illinois;

4. It has never appointed or authorized an agent to accept service of process in any suit in Illinois;

5. It has no employees, offices or real estate in Illinois;

6. It provides no services to customers residing in Illinois;

7. It has had any and all orders for goods, merchandise, and services purchased by it accepted, shipped or performed solely within the State of Nebraska.

Based on the foregoing, the defendant argues that it has neither transacted business nor had sufficient contacts within Illinois to establish long arm jurisdiction. The facts, however, do not bear out any such finding and for the reasons set forth hereinafter, we must deny the defendant's motions.

It has been repeatedly stressed by the Illinois courts that the legislative intent of the Illinois long arm statute, Chap. 110, Ill.Rev.Stat., §§ 16 and 17, was the exertion of jurisdiction over non-residents to the maximum extent permitted by the due process clause. O'Hare International Bank v. Hampton, 437 F.2d 1173 (7th Cir. 1972); Rosenthal & Company v. Dodick, 365 F.Supp. 847 (N.D.Ill.1973); Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957). As set forth in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, due process requires that there be sufficient minimum contacts with the forum state so that the exercise of jurisdiction over the non-resident be both reasonable and just according to the traditional concepts of fair play and substantial justice. Personal jurisdiction thus depends upon the existence of some voluntary act or conduct which affords the defendant the benefits and protections of the forum's law. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961). In Illinois, this does not necessitate the defendant's actual physical presence in the state, but only that the transactions have a substantial connection with this forum. Cook Associates, Inc. v. Colonial Broach & Machine Co., 14 Ill.App.3d 965, 304 N.E.2d 27 (1973).

Applying these standards to the instant suit, it is readily apparent that the defendant's contacts with Illinois establish personal jurisdiction. As stated in affidavits submitted by the plaintiff, which remain uncontested, Johnny's was established by Swanson Enterprises for which the plaintiff had performed advertising services since 1950. In Sep-

tember or October of 1968, Cecil Johnson, the defendant's attorney, contacted TLK and set up a meeting at the plaintiff's office in Chicago to discuss the possibility of TLK providing advertising services and market counseling for this new business venture of Swanson's. On October 8, 1968, Johnson and other representatives of Swanson met with TLK in Chicago at which time TLK was advised of the proposed Johnny's fast food franchise operation.

Following this meeting, TLK orally agreed to provide the advertising and marketing services solicited by Swanson. On October 16, 1968, a letter of confirmation was sent by TLK from Chicago to Johnson in Omaha, Nebraska, and TLK received a return letter from Johnson dated October 17, 1968, accepting TLK's proposal.

Thereafter, all advertising and marketing services were provided from TLK's Chicago office. TLK's management supervisor in charge of Johnny's account worked out of TLK's Chicago office, from which he had numerous contacts with the defendant. Several meetings were held between TLK and Johnny's representatives, some in TLK's Chicago office, others in New York, Ohio, Nebraska, and California. In addition, numerous telephone calls were made between the parties, several of which were initiated by the defendant to TLK in Chicago. Finally, all invoices reflecting TLK's advertising and marketing services for Johnny's were sent from Chicago, and these payments made by the defendant were mailed to the plaintiff's Chicago office. The nature and extent of such conduct by the defendant clearly constitute the minimum contacts necessary to sustain long arm jurisdiction.

The defendant does not dispute the factual averments of the plaintiff, but rather attempts to avoid jurisdiction by contending that it could not reasonably have expected to invoke the benefits and protections of Illinois law because it was unaware that all of the plaintiff's services would be provided from Chicago. It

suggests that, because the plaintiff has major operations in both Chicago and New York, and because meetings were held in several different locations, it could not have anticipated that the plaintiff would perform its contractual obligations in Chicago. The facts clearly do not support such myopic and self-serving bootstrapping.

In the first place, the defendant seems to indicate that, in order for Illinois courts to have personal jurisdiction over the defendant, *all* of the contracted for services must have been performed by the plaintiff in Illinois. (See Defendant's reply memorandum in support of its motion to dismiss, pp. 3 and 4). The courts, however, have never prescribed such narrow criteria as a basis for personal jurisdiction. Rather, they have merely required that there be contacts with the forum state substantial enough to comport with fundamental due process standards. The fact that there may be contacts with other forums, or even greater contacts, is irrelevant, provided that sufficient contacts exist in the immediate forum. The defendant's statement of the applicable law is thus clearly in error.

Moreover, Illinois courts have sustained jurisdiction when the facts reflect either that the defendant knew, or should have known, that the Illinois plaintiff would perform its contractual obligations in Illinois. As asserted by the Illinois Appellate Court in Cook Associates, Inc. v. Colonial Broach & Machine Co., 14 Ill.App.3d 965 at 970, 304 N.E.2d 27 at 31 (1973), addressing the same argument:

> . . . defendant knew, or should have known, that it had entered into a contract with an Illinois agency, that the agency would perform its services from its office in Illinois, that the fee, if due, would be paid to the plaintiff in Illinois, and that if the fee were not paid as promised, defendant might be liable to suit in the Illinois courts.

The facts supporting jurisdiction are even stronger in the instant case than

those in *Cook*. Here, the defendant voluntarily and affirmatively sought the plaintiff's services in Illinois, it travelled into Illinois for contract negotiations, and thereafter met in Illinois in furtherance of the contractual relationship. It also placed numerous phone calls to the plaintiff's Chicago office and paid for certain services by mailing its checks to Chicago.

Based on all of these factors, it is inconceivable that the defendant did not recognize that the plaintiff would be, and in fact was, providing substantial services from Illinois. Accordingly, based on the reasonable expectations of the defendant, as well as its actual conduct, we find that personal jurisdiction is proper in Illinois in this case. Defendant's motions to dismiss and to quash service of process are therefore denied.