TELCO LEASING, INC.,
Plaintiff-Appellant,

v.

MARSHALL COUNTY HOSPITAL,
Defendant-Appellee.

No. 78–1299.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 24, 1978.

Decided Nov. 1, 1978.

Nathan H. Dardick, Chicago, Ill., for plaintiff-appellant.

Kathryn E. Korn, Sidley & Austin, Chicago, Ill., for defendant-appellee.

Before SWYGERT, TONE and BAUER, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court dismissing the complaint of Telco Leasing, Inc. on the ground that the court lacked jurisdiction over the person of defendant Marshall County Hospital. Since the relevant facts of this case are discussed in the district court's memorandum opinion and order of January 27, 1978 which is attached as an appendix, we need not recite them here.

On the basis of the record and the briefs and after hearing oral argument, we affirm. Looking to "the relationship among the defendant, the forum, and the litigation," which is "the central concern of the inquiry into personal jurisdiction,"[1] rather than to "mechanical or quantitative evaluations of the defendant's activities in the forum [which] could not resolve the ques-

1. *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977).

tion of reasonableness," [2] we conclude that the contacts of Marshall County Hospital with the forum State of Illinois are not such "as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there." *International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

On this basis we adopt as our own the attached memorandum opinion and order of the district court and direct the Clerk to enter an appropriate order.

### APPENDIX

Telco Leasing, Inc.,

*Plaintiff,*

v.

Marshall County Hospital,

*Defendant.*

No. 77 C 3685.

United States District Court,
N. D. Illinois, E. D.

Jan. 27, 1978.

### MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This is an action by Telco Leasing, Inc. against Marshall County Hospital for breach of a lease agreement. Jurisdiction is predicated on diversity, 28 U.S.C. § 1332. Defendant has moved to dismiss the complaint or, in the alternative, to transfer the action to a more convenient forum, on the grounds *inter alia* that the defendant is not subject to the personal jurisdiction of this court.

Service on the defendant, a hospital located in Mississippi, was effected by service upon the administrator's secretary in her office in the hospital. According to Rule 4(e) of the Federal Rules of Civil Procedure, service of summons on one not an inhabitant of or found within the state in which the federal district court is sitting is to be made under the circumstances and in the manner prescribed by statute or rule of that state, if there be such statute or rule. The applicable statute in Illinois is the "long-arm statute," Ill.Rev.Stat. Ch. 110, §§ 16 and 17. Section 17(1)(a) provides that one who engages in the transaction of any business within Illinois thereby submits to the jurisdiction of Illinois courts as to any cause of action arising therefrom.

It is well established that the legislative intent of the Illinois long-arm statute is to exert jurisdiction over nonresidents to the full extent permitted under the due process clause. *Nelson v. Miller,* 11 Ill.2d 378, 143 N.E.2d 673 (1957); *Ziegler v. Houghton-Mifflin Co.,* 80 Ill.App.2d 210, 224 N.E.2d 12 (1967); *Hutter Northern Trust v. Door County Chamber of Commerce,* 403 F.2d 481 (7th Cir. 1968). To satisfy the due process clause in exertion of jurisdiction over a nonresident, it is necessary that the defendant have had "minimum contacts" with the forum state, so that jurisdiction over him is reasonable and just according to "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed.2d 95 (1945); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). That notion may be satisfied if it can be determined that the defendant has engaged in some conduct by which he may be said to have invoked the benefits and protections of the law of the forum. See *International Shoe Co. v. State of Washington, supra; Hanson v. Denckla, supra; Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761 (1961).

Whether or not there are sufficient minimum contacts to comport with due process cannot be determined by any set formula or rule of thumb, but must rest on a consideration of what is fair and reasonable in the circumstances of each particular case. *Hutter Northern Trust v. Door County Chamber of Commerce, supra.*

2. *Id.*

The pleadings, exhibits, and affidavits in the instant case reveal the following facts: that at no time has any agent of defendant ever entered the State of Illinois with regard to the lease agreement in question or with regard to any other business transaction; that defendant engaged in negotiations with two manufacturers, neither one of which was located in Illinois, for its purchase from them of certain equipment (See Exhibit C, attached to Hale affidavit); that the equipment was shipped to defendant directly from each of the manufacturers, located in Georgia and Tennessee, respectively; that a salesman for one of the manufacturers contacted an agent of plaintiff located in Texas and requested that he send a rental proposal to defendant to be used as a method of financing its acquisition of the machinery (See Exhibit A to Hale affidavit); that the Texas agent sent a letter to defendant in Mississippi, enclosing forms to be completed by defendant and directing the defendant to mail the completed forms to him in Louisiana (See Exhibit A to Hale affidavit); that the forms sent to defendant from Texas and directed to be returned completed to Louisiana included copies of the lease agreement, UCC forms, and equipment acceptance forms (See Exhibit B to Hale affidavit); that the letter from plaintiff's agent in Texas also requested defendant to send an initial payment of $107.50 to him in Louisiana (See Exhibit B to Hale affidavit); that the defendant caused signed copies of equipment acceptances and purchase orders to be delivered to plaintiff's offices in Illinois; (Defendant asserts that these were merely forwarded by the southern regional office of plaintiff, and not mailed directly to Illinois by the defendants, but for purposes of this motion we have the duty to resolve all factual disputes in favor of the plaintiff.); See *United States Railway Equipment Co. v. Port Huron & Detroit Railroad Co.*, 495 F.2d 1127 (7th Cir. 1974); that paragraph 16 of the lease agreement form states: "This lease shall be binding when accepted by Lessor in the State of Illinois and shall be interpreted and the rights and liabilities of the party [sic] hereto determined in accordance with the laws of the State of Illinois" ; that, pursuant to the leases, defendant caused rental payments to be delivered to plaintiff's Illinois offices over a period of two years; and that, over some "extended period of time," agents and counsel of defendant directed written and telephone communication to plaintiff's offices in Illinois (See Mulvaney affidavit). We give little weight to the assertion regarding the frequent communication, however, in light of defendant's contention that these were made with regard to settlement negotiations concerning this lawsuit and in light of the fact that plaintiff's affidavit makes its statements broadly and is not inconsistent with defendant's contentions.

In summary, then, the question presented by this motion is whether or not, in a situation in which a non-resident defendant is brought into contact through a non-resident third party with a non-resident agent of an Illinois corporation, which contact is in the form of the non-resident agent's sending to the non-resident defendant copies of form leases which recite that the contract is accepted in Illinois by the plaintiff corporation, and the non-resident defendant executes the form leases outside of Illinois and, pursuant to the leases, causes rental payments to be mailed to plaintiff's Illinois offices over a period of two years, the non-resident defendant can be said to have "transacted business" in Illinois and to have had "minimum contacts" with the State of Illinois, such that assertion of jurisdiction over him by a federal court sitting in Illinois comports with the Illinois long-arm statute and the requirements of due process.

We hold that it cannot.

Other courts addressing similar situations have reached the same conclusion. See *Geldermann & Co., Inc. v. Dussault*, 384 F.Supp. 566 (N.D.Ill.1974); *Rosenthal & Co. v. Dodick*, 365 F.Supp. 847 (N.D.Ill.1973); *Geneva Industries, Inc. v. Copeland Construction Corp.*, 312 F.Supp. 186 (N.D.Ill. 1970). Each of these cases involved contractual relationships in which non-resident defendants dealt with out-of-state agents of

plaintiffs located in the forum state and were otherwise similar to this case, although in *Rosenthal*, unlike our case, payments were made to the regional agent rather than to the home office in the forum state. In *Geneva Industries*, the court said:

> A citizen of a foreign jurisdiction does not submit to *in personam* jurisdiction of the forum state when a seller based in the forum state, through its agent in the foreign jurisdiction, initiates a contractual relationship between his principal in the forum state and the customer in the foreign state. The fact that the seller accepts the contract in the forum state does not alter this result. 312 F.Supp. at 188.

Still, other courts have upheld jurisdiction in contract cases. See *Cook Associates, Inc. v. Colonial Broach & Machine Co.*, 14 Ill.App.3d 965, 304 N.E.2d 27 (1st Dist. 1973); *Colony Press, Inc. v. Fleeman*, 17 Ill.App.3d 14, 308 N.E.2d 78 (1974); *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971); *U. S. Railway Equipment Co. v. Port Huron & Detroit Railroad Co.*, 495 F.2d 1127 (7th Cir. 1974); *Tatham-Laird & Kudner, Inc. v. Johnny's American Inn, Inc.*, 383 F.Supp. 28 (N.D.Ill.1974). But in each of these cases the nature and extent of the defendant's contacts with the forum state were of greater substance than those of the defendant at bar. In *Cook*, the court upheld jurisdiction because of the peculiar nature of the plaintiff's business and the effect of the fact that it was the defendant who initiated the transaction. The courts in *Colony Press* and *O'Hare* followed *Cook*, and found sufficient contacts when the defendant initiated the subject transactions.

That the defendant's initiation of the transaction was a crucial factor in *Cook* has recently been affirmed by both the Illinois court and the Court of Appeals for the Seventh Circuit. See *Artoe v. Mann*, 36 Ill.App.3d 204, 343 N.E.2d 647 (1st Dist. 1976); *McBreen v. Beech Aircraft Corporation*, 543 F.2d 26 (7th Cir.).

But holding that initiation of the transaction by the defendant need not be the only crucial factor, and finding jurisdiction in the absence of such initiation when instead the transaction involved "substantial on-going activity in Illinois," is *U. S. Railway Equipment Co. v. Port Huron & Detroit Railroad Co., supra*. In that case, performance of the lease agreement involved the plaintiff making repairs of leased machinery in Illinois throughout the term of the lease. There was no such factor here. The case also differed from the one at bar in that the defendant had made several visits to the plaintiff's place of business in the forum state to inspect the goods. We are not persuaded that the mere making of payments by mail to a Chicago office rises to this level of Illinois activity.

We are not unaware of two cases decided in this district and involving Telco leases. See *Telco Leasing, Inc. v. Interstate Computer Systems for Medicine, Inc.*, 75 C 1421 (January 26, 1976); *Telco Leasing, Inc. v. The Memorial Clinic*, 77 C 2899 (December 1, 1977). However, it is not the terms of the lease that are controlling, but all the facts and circumstances of the transaction, for it is from the total picture that we determine whether or not the exertion of jurisdiction would comport with the notions of fair play and substantial justice.

Having found that defendant in the instant case cannot be said to have had "minimum contacts" with the State of Illinois, we now order that defendant's motion to dismiss be granted.