Mrs. Marjorie **CRACKNELL** aka Mrs. Marjorie Lobkowitz, Miss Laetitia Hunter, Mrs. H. Whitney Dodge and Mrs. Alexander H. Hunter, Plaintiffs,

v.

A. Stuart **HUNTER**, Individually and in his capacity as Trustee, Defendant.

Civ. A. No. 78–940–J.

United States District Court, D. Massachusetts.

Nov. 21, 1978.

Arnold S. Goldstein, Meyers, Goldstein & Crossland, Chestnut Hill, Mass., for plaintiffs.

COURT'S RULING ON PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT

JULIAN, Senior District Judge.

On April 28, 1978, plaintiffs filed their complaint in this action. On August 14, 1978, plaintiffs filed an Application for Entry of Default against the defendant for failure of the defendant to plead, answer or otherwise defend. A default was entered by the deputy clerk on September 20, 1978. On September 25, 1978 plaintiffs filed a

Motion for Judgment By Default, requesting a temporary restraining order, an injunction, damages, interests, costs, fees and various other items of relief.

On October 23, 1978, the court held a hearing on plaintiffs' motion for Judgment by Default and ordered plaintiffs' counsel to file, on or before November 6, 1978, a memorandum on the issue of whether the court has personal jurisdiction over the defendant. On November 7, 1978, the plaintiffs' counsel filed a Memorandum in Support of Motion for Judgment for Default.

Plaintiffs' complaint contains a section entitled "Statement as to Jurisdiction", which reads as follows:

"Plaintiff, Mrs. Marjorie Cracknell aka Mrs. Marjorie Lobkowitz is a citizen of the Commonwealth of Massachusetts; Plaintiffs Miss Laetitia Hunter and Mrs. Alexander H. Hunter are both citizens of the State of Connecticut; Plaintiff Mrs. H. Whitney Dodge is a citizen of Washington, District of Columbia. Defendant A. Stuart Hunter is a resident and citizen of the State of Georgia. The matter in controversy exceeds, exclusive of interest and costs, the sum of Ten Thousand Dollars. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 and F.R.C.P. Rule 8(a)."

This section contains the only jurisdictional allegations in the complaint. No service of process was made on the defendant in Massachusetts. The defendant has never appeared in this action, either personally or by counsel. The U. S. Marshal's Service Process Receipt and Return indicates that the defendant A. Stuart Hunter was personally served in Georgia by a U. S. Deputy Marshal from the Northern District of Georgia.

■ The complaint alleges no fact that occurred in Massachusetts. Plaintiffs' counsel refers the court to Rule 4(e) Fed.R. Civ.P., which permits service of process to be made upon a party not an inhabitant of or found within the state in which the district court is held whenever a statute of the United States or an order of court or a statute or rule of court of the state in which the district court is held authorizes such service. The complaint, however, cites no statute that provides for service to be made outside of Massachusetts and no facts are alleged which would bring the defendant within any of the provisions of the Massachusetts long-arm statute. "When a plaintiff seeks to bring a defendant into court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that such defendant can be subjected to jurisdiction within the state." *Block Industries v. DHJ Industries, Inc.,* 495 F.2d 256, 259 (8th Cir. 1974). See also *Hutter Northern Trust v. Door County Chamber of Commerce,* 403 F.2d 481, 486 (7th Cir. 1968); *Hetrick v. American Honda Motor Co., Inc.,* 429 F.Supp. 116, 118 (D.Neb.1976); *Keckler v. Brookwood Country Club,* 248 F.Supp. 645, 650 (N.D.Ill. 1965). The Massachusetts long-arm statute is found in Mass.Gen.Laws ch. 223A, § 3.

■ Because no facts have been alleged in the complaint which indicate that the court has obtained personal jurisdiction over the defendant, plaintiffs' Motion for Judgment by Default is denied. Unless the plaintiffs, within 15 days after date hereof, specify in their complaint facts sufficient to establish that the court has personal jurisdiction over the defendant, the complaint will be dismissed without prejudice to their right to bring his action in an appropriate District.