**WILMINGTON SUPPLY COMPANY, a Delaware Corporation, Plaintiff,**

v.

**WORTH PLUMBING & HEATING, INC., a Pennsylvania Corporation, Defendant.**

Civ. A. No. 80–174.

United States District Court, D. Delaware.

Dec. 24, 1980.

David Roeberg of Roeberg & Associates, P.A., Wilmington, Del., for plaintiff.

George F. Gardner III of Morris, Nichols, Arsht & Tunnell, Dover, Del. and Ellis Cook, of Romisher, Cook & Richman, Philadelphia, Pa., of counsel, for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

The sole issue before the Court is whether the complaint should be dismissed for want of personal jurisdiction over the defendant.

1. Docket Items ("D.I.") 1, 9 & 11.

2. D.I. 1.

3. D.I. 4.

4. D.I. 5; defendant also moved to dismiss on the ground that the amount actually in controversy is less than $10,000. (D.I. 5, ¶ 1.) However, this latter motion has now been abandoned. (D.I. 8, p. 1.)

Plaintiff, Wilmington Supply Company, a Delaware corporation with its principal place of business in Wilmington, commenced this diversity action (28 U.S.C. § 1332) against the defendant, Worth Plumbing & Heating, Inc., a Pennsylvania corporation that has its principal place of business in Philadelphia.[1] The plaintiff seeks to recover an indebtedness of $57,-531.80 plus interest and service charges from defendant for plumbing and heating supplies and materials purchased by defendant from plaintiff during 1978 and 1979.[2] In accordance with Rule 4(e), F.R.Civ.P., service of process was effected upon the defendant under Delaware's Long Arm Statute, 10 *Del.C.* § 3104.[3]

The defendant, without filing an answer, has moved to dismiss the complaint, pursuant to Rule 12(b), F.R.Civ.P., on the ground that this Court lacks personal jurisdiction over the defendant.[4] Both parties have submitted opposing affidavits, which in some respects are contradictory. However, those portions which are not in dispute indicate: that some four or five years ago the defendant, by its president, applied for, and was granted, an open running credit account with the plaintiff;[5] that since opening that credit account, defendant has placed in excess of 500 separate orders with the plaintiff for plumbing and heating supplies and materials;[6] that these orders were placed by telephone from Philadelphia;[7] and that the materials were delivered by plaintiff to the defendant's place of business either in Philadelphia or at its construction sites in Pennsylvania and New Jersey.[8] Plaintiff's affidavit also states that these materials and supplies were sometimes picked up by defendant from

5. D.I. 11, ¶ 3.

6. D.I. 11, ¶ 4.

7. D.I. 11, ¶ 4; D.I. 9, ¶ 4.

8. D.I. 11, ¶ 4; D.I. 9, ¶ 5.

Wilmington or unneeded materials were returned by defendant at Wilmington,[9] but this is denied by defendant's affidavits.[10]

In situations where federal jurisdiction is based upon diversity of citizenship, in personam jurisdiction "is determined in accordance with the law of the state in which the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (C.A.2, 1963); *Partin v. Michael's Art Bronze Co.*, 202 F.2d 541, 542 (C.A.3, 1953).

Accordingly, the first question to be determined here is whether Delaware has, through legislation and judicial application thereof, properly asserted jurisdiction over the defendant. In order to make this determination, the Court must examine Delaware's recently enacted Long Arm Statute,[11] 10 *Del.C.* § 3104, which reads, in pertinent part, as follows:

"(c) As to a cause of action arising from any acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

(1) Transacts any business . . . in this State;

\* \* \* \* \* \*

(j) When jurisdiction over a person is based solely upon this section, only a cause of action arising from any act enumerated in this section may be asserted against him." 10 *Del.C.* § 3104(c) & (j).

Since Delaware courts have not yet construed the meaning in any reported opinion of "transacts business . . . in this state," it becomes the duty of this Court to determine what a Delaware court probably would decide in the light of all available data. *Wilmington Trust Co. v. Mutual Life Ins. Co.*, 68 F.Supp. 83, 85–86 (D.Del.1946); 76 F.Supp. 560, 564–65 (D.Del.1948), aff'd, 177 F.2d 404, 406 (C.A.3, 1950).

An analysis of the Delaware Long Arm Statute must proceed from two separate sources. First, any discussion of in personam jurisdiction must generally begin with an examination of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, in which the due process implications of the extension of personal jurisdiction over nonresident defendants were settled. *See id.; McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). "The thrust of these decisions is that sufficient 'minimum contacts' must exist in the forum state so that jurisdiction over nonresident defendants is reasonable and just according to traditional concepts of fair play and substantial justice. . . . Whether sufficient minimum contacts exist cannot be answered by applying a formula or rule of thumb, but by ascertaining what is fair and reasonable under the circumstances of a particular situation." *Hutter Northern Trust v. Door County Chamber of Commerce*, 403 F.2d 481, 484 (C.A.7, 1968). In the application of this flexible test, the relevant inquiry is whether the defendant engaged in some act or conduct by which he may be said to have invoked the benefits and protections of the law of the forum. *Id.*

Besides bearing in mind these general principles, the Court must also be guided by the fact that the Delaware Long Arm Statute has its roots in the Illinois Long Arm Statute and under prevailing state law, construction of the Delaware statute may be made by recourse to the legislative and decisional law of Illinois.

The Delaware Supreme Court has recently stated that the language of § 3104 "is derived almost completely from § 1.03 of the Uniform Interstate and International Procedure Act, a 'single act' statute." *Eudaily v. Harmon*, 420 A.2d 1175 (Del.Supr.

9. D.I. 11, ¶¶ 4, 5 and Ex. A through M.

10. D.I. 9, ¶ 5; D.I. 14, 15 & 16.

11. Title 10 *Del.C.* § 3104 was approved on July 11, 1978.

1980). The phrase "transacting any business in this state" which appears in 13 Uniform Laws Annotated § 1.03 "is directly derived from the Illinois Act. Ill.Stat.Ann. c. 110 § 17(1)(a)" and according to the Commissioner's Comments:

"This provision should be given the same expansive interpretation that was intended by the draftsman of the Illinois Act and has been given by the courts of that state. See, e. g. *Berleman v. Superior Distributing Co.*, 17 Ill.App.2d 522, 151 N.E.2d 116 (1958)" 13 ULA p. 467 (1980 ed.)

■ Delaware courts have often applied the well-settled principle of statutory construction that when the Delaware legislature adopts a statute which is directly modeled upon that of a foreign state, there is a strong presumption that the legislature also intended to adopt the judicial construction placed upon the statute by the courts of the foreign state. *Stauffer v. Standard Brands Inc.*, 178 A.2d 311, 325 (D.Ch.1962), *aff'd*, 187 A.2d 78, 80 (Del.Supr.1962); *Opinion of the Justices*, 181 A.2d 215, 217–18 (Del.Supr. 1962). Accordingly, the Court concludes, based on the foregoing settled principles of Delaware law, that the Delaware courts would place great reliance upon the expansive interpretation given by Illinois courts to the term "transacting business within the state" when construing the similar language of § 3104.

■ In enacting the Illinois Long Arm Statute, the Illinois legislature manifested an intent to exert jurisdiction over nonresidents to the maximum extent permitted by the due process clause. *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673 (1957); *Koplin v. Thomas, Haab & Botts*, 73 Ill.App.2d 242, 219 N.E.2d 646, 652 (1966); *Hutter Northern Trust v. Door County Chamber of Commerce*, 403 F.2d 481, 485 (C.A.7, 1968); *Colony Press, Inc. v. Fleeman*, 17 Ill.App.2d 14, 308 N.E.2d 78 (1974); *Cook Associates, Inc. v. Colonial Broach & Machine Co.*, 14 Ill. App.3d 965, 304 N.E.2d 27 (1973). Under the Illinois statute, personal jurisdiction over a nonresident defendant does not depend upon the physical presence of the defendant within the state; where a plaintiff's claims arise from acts or transactions committed by the nonresident defendant, personal jurisdiction over the defendant may be obtained if the acts or transactions have a substantial connection with the forum state. *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 438, 176 N.E.2d 761, 764 (1961); *Koplin v. Thomas, Haab & Botts, supra*, 73 Ill.App.2d at 254, 219 N.E.2d at 652; *Ziegler v. Houghton-Mifflin Co.*, 80 Ill.App.2d 210, 215, 224 N.E.2d 12 (1967). The Illinois courts have liberally construed this "substantial connection" requirement and have held in at least two instances that a single phone call into the forum state could provide the basis for personal jurisdiction over a nonresident defendant. In *Cook Associates, Inc. v. Colonial Broach & Machine Co.*, 14 Ill.App.3d 965, 304 N.E.2d 27 (1973), the Court found that a Delaware corporation's single phone call to an employment agency in Illinois, made for the purpose of securing the services of the agency, was a sufficient basis for in personam jurisdiction over the Delaware corporation in a suit concerning alleged non-payment of the employment agency's fee. Similarly, in *Colony Press, Inc. v. Fleeman*, 17 Ill.App.2d 14, 308 N.E.2d 78 (1974), the Court held that an Ohio corporation could be personally sued in Illinois because of its failure to pay for or return goods ordered from an Illinois corporation, where the Ohio company ordered the goods through a single phone call to Illinois. In both cases, the court concluded that the nonresident corporation had voluntarily and purposely availed itself of the benefits and protections of the forum state and that traditional notions of fair play and substantial justice were not offended by maintenance of the suit.

■ Based on the guidelines set forth in *International Shoe* and the decisions of the Illinois courts, as applied to the undisputed facts of this case, the Court concludes that defendant has sufficient contacts with Delaware to make it amenable to personal jurisdiction in this forum. First, the record clearly indicates that the defendant pur-

posely availed itself of the privilege of acting in the forum state or causing a consequence in the forum state. Some four or five years prior to this litigation, the defendant's president applied for, and was granted, an open-running credit account with plaintiff to purchase materials, supplies and goods. After the credit account was opened defendant by telephone placed in excess of 500 orders for supplies and materials to be delivered to defendant in Philadelphia or its construction sites in Pennsylvania and New Jersey. Second, the claims sued upon here arose out of defendant's refusal to pay for the supplies and materials which it purchased during 1978 and 1979. Defendant's continuous course of conduct of purchasing plumbing supplies on an open account from the plaintiff in this state over a long period of time has a substantial enough connection with this forum to make the exercise of jurisdiction over defendant reasonable. Consequently, the Court concludes that defendant transacted business in this state within the meaning of 10 *Del.C.* § 3104(c)(1) and defendant's motion to dismiss will be denied.