**Arthur E. FISCHER, Jr., Plaintiff,**

v.

**Ronald HILTON, Defendant.**

**Civ. A. No. 81–431.**

United States District Court,
D. Delaware.

Oct. 21, 1982.

---

Timothy M. Rafferty, Hockessin, Del., for plaintiff.

Clark W. Furlow, Morris, James, Hitchens & Williams, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

In this diversity action, the plaintiff, Arthur E. Fischer, Jr., alleges that the defendant, Ronald Hilton, is guilty of breach of contract and tortious conduct arising out of Hilton's sale of an allegedly defective truck to Fischer. The defendant, Hilton, asks this Court to dismiss the suit for lack of personal jurisdiction.

The complaint and affidavits reveal the following facts: Defendant Hilton operates a business in Stoney Ridge, Ohio, where he repairs heavy diesel trucks and sells used tractor trailer trucks. Hilton is neither licensed nor registered to do business in Delaware. Although he advertises in Indiana, Kentucky, West Virginia, and Pennsylvania, he does no advertising or soliciting in Delaware. Further, apart from the transaction at issue, neither the plaintiff nor the defendant can point to another instance where Hilton sold a truck to a Delaware resident.

On June 20, 1980, the plaintiff, a resident of Delaware, approached Hilton at his Ohio business and expressed an interest in buying a used truck located on the Hilton lot. The contract of sale was negotiated and executed in Ohio. The truck was delivered to the plaintiff in Ohio. While Fischer was in Delaware, Hilton and Fischer had at least two conversations via telephone concerning the financing of the truck. Only one telephone call, however, was placed by Hilton to Delaware. Several days after taking possession, the plaintiff began to experience difficulties with the truck in New Jersey, and ultimately concluded the truck was not as represented.

A. *Motion to Dismiss*

The determination of whether this Court has personal jurisdiction over the defendant involves a two step analysis. First, the Court must determine whether the Delaware Long Arm Statute, 10 *Del.C.* § 3104, is broad enough to reach the asserted conduct. If the Court finds that it is, it then must decide whether the application of that statute in this particular case offends the due process clause of the Constitution. *Moore v. Little Giant Indus., Inc.,* 513 F.Supp. 1043, 1046 (D.Del.1981), *aff'd,* 681 F.2d 806 (3d Cir. 1982).

## I. *Delaware Long Arm Statute*

The Delaware Long Arm Statute provides in pertinent part:

(c) As to the course of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act of omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 *Del.C.* § 3104(c).

Plaintiff contends that the business transaction at issue falls within both sections (c)(1) and (c)(4) of the Long Arm Statute. The Court disagrees with both contentions.

Section (c)(1) is applicable if the defendant "transacts any business or performs any character of work or service in the State." In *Moore v. Little Giant Indus., Inc.,* the Court held that subsection (c)(1) does not apply where the "contract was executed [out of state] and performed substantially, if not entirely, out of state." 513 F.Supp. at 1046. The cases cited by the plaintiff to support his position are inapposite.

Moreover, the language of this subsection requires some action by the defendant occurring in the State of Delaware. Other than the two phone calls involving financing arrangements, plaintiff points to no activity that demonstrates Hilton transacted any business within the State of Delaware. *Cf., Wilmington Supply Co. v. Worth Plumbing & Heating,* 505 F.Supp. 777, 780–81 (D.Del.1980) (where nonresident defendant placed over 500 orders for plumbing supplies with Delaware company and where defendant often came into Delaware to pick up supplies, defendant had transacted business for purposes of Delaware Long Arm Statute). Although isolated phone calls arguably may be related to the constitutional due process question, it is held on these facts that such phone calls do not constitute a transacting of business within the State of Delaware for purposes of subsection (c)(1). *See Koster v. Automark Indus., Inc.,* 640 F.2d 77, 79 (7th Cir. 1981) (in discussing requirement of minimum contacts, telephone calls, in and of themselves, could not confer personal jurisdiction).

Fischer also contends that Hilton's actions satisfy subsection (c)(4) of the Delaware Long Arm Statute. Plaintiff argues that because Hilton sold the truck for $34,500, the defendant derived substantial revenue from "things used or consumed in the state." 10 *Del.C.* § 3104(c)(4). Neither the sparse relevant case law nor the words of the statute itself support this position.

In *Plumb v. Cottle,* 492 F.Supp. 1330 (D.Del.1980), the Court, in applying subsection (c)(4) to the nonresident manufacturer of an allegedly defective lightning protection system, stated that because the corporation sold no lightning systems in Delaware, shipped no lightning systems to Delaware, maintained no branch office in Delaware, and was not licensed to do business in Delaware, it could not be subject to suit in Delaware. *Id.* at 1334. Further, in *Magid v. Marcal Paper Mills, Inc.,* 517 F.Supp. 1125 (D.Del.1981), in the course of deciding that subsection (c)(4) of the Long Arm Statute applied to the facts presented, the Court concluded that "either substantive

volume of business or continuity of operation in Delaware is sufficient [under subsection (c)(4) ]." *Id.* at 1130. These cases indicate that something more than the transaction at issue in this case is necessary to satisfy subsection (c)(4).

The statutory context of subsection (c)(4) and the substantial revenue clause in particular also adds support to this conclusion. Subsection (c)(4) reads:

> Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State; . . .

The plaintiff argues that the substantial revenue clause of subsection (c)(4) gives Delaware courts jurisdiction over any person who, whether in one transaction or many, gains substantial revenue from his dealings with a Delaware resident.

This conclusion, however, is far from obvious. The two preceding clauses of (c)(4) require some pattern of activity. The nonresident must *regularly* do or solicit business or engage in a *persistent* course of conduct. Therefore, given these two clauses, it is logical for this Court to require more than one sale under the substantial revenue clause. *See Magid v. Marcal Paper Mills, Inc.,* 517 F.Supp. at 1130. Further, the lawmakers use of the plural, *things,* in the substantial revenue clause adds strength to this conclusion. If one transaction were enough, the use of the plural would be inconsistent with statutory intent.

This Court need not, however, come to a definite conclusion as to meaning of subsection (c)(4). It is sufficient in this case to

state that even if one transaction could satisfy subsection (c)(4),[1] the sale of one tractor-trailer does not satisfy the substantial revenue requirement. There is left to another day the question of whether a single sale of a much greater magnitude could satisfy subsection (c)(4).

To conclude, this Court holds that the plaintiff has not demonstrated that the Delaware Long Arm Statute applies to the defendant's activities. But, even if the Delaware Long Arm Statute is interpreted to reach to the limits of due process protection, the assertion of in personam jurisdiction in this fact situation would violate the due process clause.

## II. *Constitutional Analysis*

■ One of the major requirements for the constitutional application of in personam jurisdiction over a nonresident defendant is that the defendant must act in an affirmative manner to "purposefully avail itself of the privilege of conducting activities within the forum state, invoking the benefits and protection of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *see World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The plaintiff has not demonstrated any such purposeful availment.

The defendant Hilton operates his business in Ohio. He does no business in Delaware, nor, despite his advertising in the states surrounding Ohio and despite the location of his business on an interstate highway, does he take any actions that were reasonably calculated to bring him business from Delaware.[2] Further, it was the plain-

1. Subsection (c)(3) of the Delaware Long Arm Statute gives Delaware courts in personam jurisdiction over the defendant if the defendant causes a tortious injury within the state. A simple act can give the Delaware courts jurisdiction. If subsection (c)(4), which covers out-of-state injuries, were interpreted to require only one act under the substantial revenue clause, a simple act could give courts jurisdiction over torts occurring inside and outside the state. By establishing two separate sections,

the lawmakers seem to be stating that a simple act is not sufficient under subsection (c)(4).

2. The test, as enunciated in *World-Wide Volkswagen* is whether the defendant "should reasonably anticipate being haled into [the forum state's court]." 444 U.S. at 297, 100 S.Ct. at 567. Plaintiff has not demonstrated that defendant's advertising in the surrounding states manifests that the defendant should have

tiff who solicited the defendant's business.[3] The single phone call to Delaware does not, in and of itself, constitute purposeful availment. *See Koster v. Automark Indus., Inc.,* 640 F.2d at 79; *Baron & Co. v. Bank of New Jersey,* 497 F.Supp. 534, 538 (E.D.Pa. 1980). Simply because the plaintiff took the truck bought from the defendant into Delaware fails to demonstrate the requisite showing of minimum contacts. *See Hanson v. Denckla,* 357 U.S. at 253, 78 S.Ct. at 1239 ("[t]he unilateral activity of those who claim some relationship with the nonresident defendant cannot satisfy the requirement of contact with the forum state.").

The plaintiff also has argued that the defendant's location on a major interstate highway makes it foreseeable to the defendant that his trucks will be used by residents of Delaware. This argument is not convincing. If this argument were accepted, any owner of a car, truck, or other similar business located on a highway could be hauled into a court in any of the fifty states. The decision in *World-Wide Volkswagen* precludes a holding that the seller of a mobile vehicle is subject to suit in any state where the buyer of that vehicle travels. Absent some other circumstances tying the defendant to the forum state, a court does not have jurisdiction over a defendant who sells a mobile vehicle to a resident motorist. Consequently, under a constitutional analysis, this Court could not assert in personam jurisdiction over the defendant.

For the foregoing reasons, this Court will grant defendant Hilton's motion to dismiss for lack of in personam jurisdiction.

known his products were to be bought by Delaware residents.

3. In Judge Stapleton's recent opinion of August 30, 1982, *Pettinaro Constr. Co., Inc. v. Fries Correctional Equip., Inc.,* C.A. 81–468, the Court determined that because a nonresident defendant solicited business from the resident plaintiff within the state, the defendant, without any other contacts, was subject to personal jurisdiction because he had purposely availed himself of the privilege of doing business in the state. Slip op. at 4–5. In the case before the Court presently, Hilton did not solicit business from Fischer within the State of Delaware.