**MID–ATLANTIC MACHINE &
FABRIC, INC., a Delaware
corporation, Plaintiff,**

v.

**CHESAPEAKE SHIPBUILDING, INC.,
a Connecticut corporation, Defendant.**

Superior Court of Delaware,
Sussex County.

Submitted: Dec. 10, 1984.

Decided: April 2, 1985.

---

James B. Tyler, III, Georgetown, for plaintiff.

Eugene H. Bayard, of Wilson, Halbrook & Bayard, P.A., Georgetown, for defendant.

O'HARA, Judge.

The sole issue before the Court is whether the complaint should be dismissed for want of personal jurisdiction.

Mid-Atlantic Machine & Fabric, Inc. ("plaintiff"), a Delaware corporation which maintains an office in Milford, commenced this action against Chesapeake Shipbuilding, Inc. ("defendant"), a Connecticut corporation which maintains an office in Connecticut and a construction yard in Maryland. Plaintiff seeks to recover an indebtedness of $14,250.00 plus interest and costs from defendant for machine parts manufactured by plaintiff for defendant in 1983. Service of process was effected pursuant to 10 *Del.C.* § 3104 ("the long arm statute").

Defendant has moved to quash service of process pursuant to Superior Court Civil Rule 12(b)(5) and to dismiss the complaint pursuant to Superior Court Civil Rules 12(b)(2) and 12(b)(6) on the ground that this Court lacks personal jurisdiction over defendant. Defendant contends that 1) this action did not arise from any act performed by defendant which would subject it to the jurisdiction of this Court pursuant to the long arm statute; 2) the exercise of jurisdiction pursuant to the long arm statute would violate due process; and 3) the complaint alleges insufficient facts to establish personal jurisdiction. Both parties have submitted affidavits which on their face appear to be contradictory in some respects. Nevertheless, at a hearing before this Court, upon being questioned by the Court, counsel conceded that the parties are not in disagreement about the facts.

Defendant attests, and plaintiff does not dispute, that defendant does not maintain an office or place of business in Delaware and that defendant's shipbuilding operations are located and take place entirely in Maryland. Similarly, defendant attests, and plaintiff does not deny, that delivery of the machine parts purchased by defendant from plaintiff occurred in Maryland and that performance of defendant's obligations pursuant to the parties' agreement occurred in Maryland. While defendant attests that negotiations for and the execution of the parties' agreement took place entirely in Maryland,[1] plaintiff attests, and defendant concedes that defendant's representatives personally appeared at plaintiff's office in Milford, Delaware to present its plans and specifications for the machine parts which form the basis for this action and to inspect plaintiff's premises. Plaintiff also attests that defendant's representatives gave their approval to plaintiff at its office in Delaware to commence work on defendant's project.

When asked by the Court whether defendant did "other business" with plaintiff and other companies in Delaware, defend-

1. According to defendant, no "formal contract" was executed. Work was completed pursuant to invoices.

ant admitted that it did but only to the extent that "other business" involves the purchase of goods for defendant's use outside of Delaware. A copy of an accounts receivable ledger attached to the complaint suggests that plaintiff had granted defendant credit. The ledger indicates that between July, 1982 and April, 1983, defendant made four purchases pursuant to invoices. According to plaintiff's record, the last invoice, dated April 30, 1983, was not paid. The legal issue before the Court is whether under these circumstances the purchase of goods by a foreign corporation in the State of Delaware subjects that corporation to the jurisdiction of this Court pursuant to 10 *Del. C.* § 3104.

■ As this Court stated in *Eudaily v. Harmon,* Del.Super., 407 A.2d 232 (1979), aff'd, Del.Supr., 420 A.2d 1175 (1980):

[w]hen *in personam* jurisdiction is challenged by a motion to dismiss, the plaintiff has the burden to show a basis for long-arm jurisdiction. [Citation omitted]. However, this burden is met by a threshold *prima facie* showing that jurisdiction is conferred by the statute. [Citations omitted]. Furthermore, the record is construed most strongly against the moving party. [Citation omitted]. *Id.* at 233.

Section 3104(c) provides that:

[a]s to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State

or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Since there is no suggestion in the record that defendant provides services or goods, has an interest in or uses real property, or acts as a surety in Delaware, jurisdiction clearly does not lie under paragraphs (2), (5) or (6) of subsection 3104(c). Similarly, since plaintiff has not alleged the breach of a non-contractual legal duty owed plaintiff by defendant, jurisdiction does not lie under paragraphs (3) or (4) of § 3104(c). Cf. *Magid v. Marcal Paper Mills, Inc.,* D.Del., 517 F.Supp. 1125, 1130 (1981) (where complaint alleged defendant breached legal duty under Age Discrimination in Employment Act, 29 *U.S.C.* § 621, et seq., plaintiff alleged tortious injury under Delaware long arm statute). Thus, if jurisdiction lies under § 3104, it must be pursuant to paragraph (1) of subsection (c).

■ Initially, the Court takes issue with defendant's suggestion that there is no indication that the "[t]ransacts any business" language of § 3104(c)(1) was intended to be construed other than as the "transaction of business" language in 8 *Del. C.* § 382(a), and therefore, that cases interpreting the latter are applicable to this Court's construction of the former. Our Supreme Court, in *Eudaily v. Harmon,* Del.Supr., 420 A.2d 1175, 1180 (1980), held that § 3104 is a *"single* [emphasis added] act" statute while § 382(b) states that "transaction of business" as used in that section "shall mean the *course* or *practice* of carrying on any business activities [emphasis added]...." Thus, while a plaintiff must prove a pattern of activity to establish jurisdiction under 8 *Del. C.* § 382, see *General*

*Foods Corp. v. Haines and Co., Inc.,* D.Del., 458 F.Supp. 1167, 1170 (1978), a single act may suffice under 10 *Del.C.* § 3104. Accord *Speakman Co. v. Harper Buffing Mach. Co., Inc.,* D.Del., 583 F.Supp. 273, 275 (1984). For this reason, the cases cited by defendant for the proposition that a single act does not constitute the "transaction of business" under § 382, *General Foods Corp. v. Haines and Co., Inc.,* supra; *Delaware Lead Const. Co. v. Young Industries, Inc.,* D.Del., 360 F.Supp. 1244 (1973); *Simpson v. Thiele, Inc.,* D.Del., 344 F.Supp. 7 (1972), are not determinative of this action.

Since the rewrite of § 3104 in 1978, however, the Delaware courts have been forced to consider what constitutes the "transact[ion of] any business" within the meaning of that section. E.g., *Speakman Co. v. Harper Buffing Mach. Co., Inc.,* supra; *O'Neal v. Huxley Development Corp.,* D.Del., 558 F.Supp. 462 (1983); *Fischer v. Hilton,* D.Del., 549 F.Supp. 389 (1982); *Moore v. Little Giant Industries, Inc.,* D.Del., 513 F.Supp. 1043 (1981), aff'd, 681 F.2d 806 (1982); *Wilmington Supply Co. v. Worth Plumbing & Heating,* D.Del., 505 F.Supp. 777 (1980).

In *Speakman Co. v. Harper Buffing Mach. Co., Inc.,* supra, where defendant had solicited business in Delaware and where its employee had made several trips to plaintiff's Delaware plant, the Court held that defendant's contacts with the State exceeded the minimum required under § 3104(c)(1). 583 F.Supp. at 275. Similarly, in *Wilmington Supply Co. v. Worth Plumbing & Heating,* supra, where defendant's president had applied for and been granted an open-running credit account with plaintiff to purchase materials, supplies and goods and pursuant thereto by telephone had placed in excess of 500 orders, the Court concluded that defendant had transacted business in the State within the meaning of 10 *Del.C.* § 3104(c)(1). 505 F.Supp. at 781.

In contrast to *Speakman* and *Wilmington Supply,* in *O'Neal v. Huxley Develop-*

*ment Corp.,* supra, the Court held that defendant's gratuitous referral of a purchase order, not performed in Delaware, to an affiliate Delaware corporation did not constitute the transaction of business under § 3104(c)(1). 558 F.Supp. at 466. Similarly, in *Fischer v. Hilton,* supra, where defendant, a resident of Ohio, had sold an allegedly defective truck to plaintiff, a Delaware resident, in Ohio, the Court held that two telephone calls between plaintiff and defendant while plaintiff was in Delaware, only one of which was placed by defendant to plaintiff, did not constitute the transaction of business in Delaware, 549 F.Supp. at 391; and in *Moore v. Little Giant Industries, Inc.,* supra, the Court found defendant's act of shipping goods into Delaware by common carrier insufficient to constitute the transaction of business within the meaning of § 3104(c)(1) where the contract was executed and performed substantially, if not entirely, out of state. 513 F.Supp. at 1046.

Of the leading cases, *Wilmington Supply Co. v. Worth Plumbing & Heating,* supra, while distinguishable, is most analogous to the instant case. The plaintiff in *Wilmington Supply Co.,* like the plaintiff here, was a Delaware corporation which sought to recover an indebtedness from the defendant, a foreign corporation which had purchased goods to be delivered and to be used out-of-state. Furthermore, the plaintiff in *Wilmington Supply Co.* had granted defendant an open-running credit account, as plaintiff here apparently had granted defendant in the instant case. Unlike defendant here, however, the defendant in *Wilmington Supply Co.,* had placed in excess of 500 orders over approximately a four year period, although plaintiff's suit arose out of defendant's refusal to pay for supplies it purchased over a two year period. In the instant case, the accounts receivable ledger attached to the complaint indicates that defendant placed four orders over approximately a one year period although plaintiff's suit arises out of defend-

ant's alleged refusal to pay an invoice dated April 30, 1983.

In view of the language of § 3104(c)(1), specifically the inclusion of the word "any", and the fact that § 3104 has been interpreted to be a "single act" statute, *Eudaily v. Harmon*, supra, the Court is not persuaded that the substantial "numerical difference" between *Wilmington Supply Co.* and the instant case is significant in terms of the jurisdictional analysis. Thus, the Court believes that *Wilmington Supply Co.* is particularly applicable to the instant case. Based upon that case and this Court's own interpretation of § 3104(c)(1), the Court finds that defendant has transacted business in this State within the meaning of § 3104(c)(1).

■ Defendant commissioned goods from a Delaware corporation and while defendant contends that negotiations for and "execution" of the contract as well as delivery pursuant thereto occurred in Maryland, defendant does not deny that its representatives made an unspecified number of trips to plaintiff's plant in Milford, Delaware for the purposes of inspecting plaintiff's plant and conferring with plaintiff's representatives regarding defendant's requirements and specifications. Cf. *Moore v. Little Giant Industries, Inc.*, supra. The Legislature having intended that § 3104 be broadly construed, see *Wilmington Supply Co. v. Worth Plumbing & Heating*, 505 F.Supp. at 780, the Court concludes that defendant's representatives' actions in Delaware were part of the transaction which forms the basis for plaintiff's action, and therefore, defendant transacted business in Delaware within the meaning of § 3104(c)(1). The Court's conclusion is supported by the decisional law of the State of Illinois from whence the "transacting any business" language is derived. *Id.;* see, e.g., *People v. Parsons Co.*, 122 Ill.App. 590, 78 Ill.Dec. 74, 461 N.E.2d 658 (1984) (shipment of waste to state constituted transaction of any business within state).

■ Having concluded that defendant's actions are sufficient to bring it within the purview of § 3104(c)(1), the Court must determine whether the exercise of jurisdiction comports with due process. See *Waters v. Deutz Corp.*, Del.Super., 460 A.2d 1332, 1338 (1983); aff'd, Del.Supr., 479 A.2d 273 (1984). Thus, the Court must consider whether the defendant has sufficient minimal contacts with the forum such that the maintenance of the suit would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting from *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). In judging minimum contacts, the Court must focus on "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, — U.S. —, —, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790, 798 (1984), quoting from *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■ Relevant to the inquiry in this State's interest in adjudicating the dispute. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). The Court finds that Delaware has a significant interest in this action, considering the fact that it involves a Delaware corporation claiming money owed to it for goods manufactured in Delaware. Certainly the State is concerned with the economic security of its domestic corporations. Cf. *Keeton v. Hustler Magazine, Inc.*, supra (state has interest in protecting its citizens from deception). Additionally, if defendant had a complaint concerning plaintiff's performance pursuant to the parties' agreement, it could rightfully expect to claim the benefit of the laws of this jurisdiction.

■ Moreover, like the defendant in *Wilmington Supply Co. v. Worth Plumbing & Heating*, supra, the defendant here purposely availed itself of acting or causing a consequence in the forum state. See *id.* at 781; accord *Calder v. Jones*, — U.S. —, —, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804,

812 (1984). It, therefore, could reasonably have anticipated being haled into Court here. Cf. *World Wide Volkswagen Corp. v. Woodson,* supra, 444 U.S. at 297, 100 S.Ct. at 567 (mere likelihood that product would find its way into forum state not sufficient to comport with due process). This Court, therefore, concludes that the exercise of jurisdiction pursuant to § 3104(c)(1) comports with due process.

Defendant, however, argues that even if the Court finds that jurisdiction lies pursuant to § 3104(c)(1), the Court should dismiss the complaint because it fails to allege facts sufficient to warrant the exercise of in personam jurisdiction. While it is true that the complaint and the amendment thereto do not contain all the allegations of record, in view of the liberality with which amendments to pleadings are to be granted, *Dunfee v. Blue Rock Van & Storage, Inc.,* Del.Super., 266 A.2d 187, 188 (1970); *E.K. Geyser Co. v. Blue Rock Shopping Center, Inc.,* Del.Super., 229 A.2d 499, 501 (1967), the Court does not believe that it is appropriate to dismiss the complaint. Rather, plaintiff should be afforded 60 days to amend the complaint.

In conclusion, the Court finds that jurisdiction lies pursuant to 10 *Del.C.* § 3104(c)(1). Defendant's motions to quash service of process and to dismiss the complaint are, therefore, denied.

IT IS SO ORDERED.