# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

<table>
<tr><td>300 W 22 REALTY, LLC,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>C.A. No. N22C-03-147 MMJ CCLD</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>STRATHMORE INSURANCE</td><td>)</td><td></td></tr>
<tr><td>COMPANY ,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant.</td><td>)</td><td></td></tr>
</table>

Submitted: February 14, 2023
Decided: March 1, 2023

On Defendant's Motion to Dismiss
**GRANTED**

On Plaintiff's Request for Jurisdictional Discovery
**DENIED**

## OPINION

Benjamin P. Chapple, Esq., Reed Smith LLP, Wilmington, DE, Nicholas M. Insua, Esq. (*pro hac vice*) (Argued), Princeton, NJ, *Attorneys for Plaintiff 300 W 22 Realty, Inc.*

Curtis J. Crowther, Esq., Robinson & Cole LLP, Wilmington, DE, Gregory P. Varga, Esq. (*pro hac vice*), Jonathan E. Small, Esq. (*pro hac vice*) (Argued), Robinson & Cole LLP, Hartford, CT, *Attorneys for Defendant Strathmore Insurance Company*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

This is a property insurance action. Plaintiff 300 W 22 Realty ("Plaintiff") owns and operates a hotel in New York, New York. Plaintiff is a Delaware limited liability company ("LLC"). Defendant Strathmore Insurance Company ("Defendant") is an insurance company licensed to issue policies in Delaware. Defendant is a New York corporation. Defendant has its principal place of business in New York, New York. Plaintiff obtained insurance coverage from Defendant for physical loss or damage to its property, along with coverage for business interruption losses and expenses. Defendant issued the insurance policy to Plaintiff in New York through a New York broker. Plaintiff alleges it suffered losses from the COVID-19 pandemic that fall within the scope of its insurance coverage.

On March 17, 2022, Plaintiff filed the instant action, seeking: (1) declaratory judgment that Plaintiff is entitled to coverage; and (2) damages for breach of contract. On June 22, 2022, Defendant filed its Motion to Dismiss under Delaware Superior Court Civil Rule 12(b)(2), alleging this Court lacks personal jurisdiction. The Court heard oral argument on December 19, 2022. Defendant submitted supplemental authority on December 23, 2022. Plaintiff responded on January 18, 2023. On February 2, 2023, Defendant filed a Motion to Strike Portions of

2

Plaintiff's January 18, 2023 Response to Supplemental Authority. On February

14, 2023, Plaintiff responded.

## PERSONAL JURISDICTION STANDARD OF REVIEW

In Delaware, the Plaintiff has the burden to demonstrate a *prima facie* case

establishing personal jurisdiction.[1] The Plaintiff "must plead specific facts and

cannot rely on mere conclusory assertions."[2] In deciding whether the Court has

personal jurisdiction over a nonresident defendant, the Court must engage in a two-

step analysis.[3] First, the Court must determine whether Delaware's long-arm

statute is applicable. Second, the Court must decide whether subjecting a

nonresident defendant to jurisdiction would violate due process.[4]

An exercise of specific jurisdiction requires that a "defendant's suit-related

conduct…create[d] a substantial connection with the forum State."[5] Where the

Plaintiff fails to allege that the defendant's "in-state activity . . . gave rise to the

episode-in-suit," the defendant is not subject to specific jurisdiction.[6]

---

[1] *Techview Invs. Ltd. v. Amstar Poland Prop. Fund I, L.P.*, 2021 WL 3891573, at *6 (Del. Super.).
[2] *Mobile Diagnostics Grp. Holdings, LLC v. Suer*, 972 A.2d 799, 802 (Del. Ch. 2009).
[3] *Matthew v. Woods Group*, 56 A.3d 1023, 1027 (Del. 2012).
[4] *Id.*; *see also RE: Zuoli Li v. Xu-Nuo Pharma, Inc. & Yinglin Mark Xu*, 2022 WL 17588101, at *3 (Del. Super.) ("[T]o assess whether personal jurisdiction exists over non-resident defendants, Delaware courts apply a two-step analysis, asking first whether there is a statutory basis for jurisdiction and then inquiring into whether the exercise of personal jurisdiction over the defendants would be consistent with due process." (quoting *BAM Int'l, LLC v. MSBA Gp., Inc.*, 2021 WL 5905878, at *5 (Del. Ch.))).
[5] *Walden v. Fiore*, 571 U.S. 277, 284 (2014).
[6] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011); *see also Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) ("[S]pecific

3

# ANALYSIS

## *Specific Jurisdiction Under the Delaware Long-Arm Statute*

Delaware's long-arm statute states:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the

---

jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."); *Walden*, 571 U.S. at 283 (explaining that specific jurisdiction "depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation)").

State at the time the contract is made, unless the parties otherwise provide in writing.[7]

The two applicable sections of the long-arm statute applicable in this case are Sections 3104(c)(1) and (6).

*Jurisdiction Under Section 3104(c)(1)*

Plaintiff argues jurisdiction is proper under Section 3104(c)(1). Section 3104(c)(1) confers jurisdiction over a non-resident defendant if the non-resident defendant "'[t]ransacts any business' in the State, so long as the claims in question 'aris[e] from' that transaction of business."[8] "[C]ontracting with or transacting business with a Delaware corporation is insufficient to support personal jurisdiction, absent facts . . . that, at a minimum, establish that the performance of the contract/transaction took place in Delaware."[9]

Plaintiff argues four reasons why Defendant should be subject to personal jurisdiction in Delaware under Section 3104(c)(1): (1) Defendant is licensed to

---

[7] 10 *Del. C.* § 3104(c).

[8] *Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, 2022 WL 6735556, at *4 (D. Del.) (quoting 10 *Del. C.* § 3104(c)(1)).

[9] *Id.* at *5 (quoting *Zausner Foods Corp. v. ECB USA, Inc.*, 2022 WL 609110, at *9 (D. Del.), *report and recommendation adopted*, 2022 WL 884235 (D. Del.)); *see also Techview*, 2021 WL 3891573, at *7 (stating, in reference to the constitutional standard for specific personal jurisdiction, that "[c]ontracting with an out-of-state party is insufficient to establish minimum contacts in the out-of-state party's home forum" (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)); *Lenape Properties Mgmt., Inc. v. Prudential Ins. Co. of Am.*, 2022 WL 17826010, at *2 (Del. Super. Ct.) (stating, in reference to the constitutional standard for specific personal jurisdiction, that "[m]erely contracting with an entity incorporated in Delaware is not enough to support a finding of specific jurisdiction")).

issue insurance policies in Delaware and has conducted business in Delaware with third parties; (2) Defendant contracted with a Delaware LLC for the specific insurance agreement at issue in this case; (3) Defendant has voluntarily litigated in Delaware in the past; and (4) the Plaintiff's business interruption insurance claims seek coverage for losses that flow to Delaware because Plaintiff is a Delaware LLC.

The United States District Court for the District of Delaware addressed a similar situation in *Yankees Entertainment and Sports Network, LLC v. Hartford Fire Insurance Company* ("*YES Network*").[10] In that case, the plaintiff was a Delaware LLC arguing for insurance coverage related to losses at seven properties all outside of Delaware.[11] The plaintiff in *YES Network* made the same arguments Plaintiff makes in the instant case.[12]

The District Court found each argument unavailing, concluding that: (1) issuing insurance policies to third parties formed under Delaware law did not constitute "transacting business" under Section 3104(c)(1) because the cause of action did not arise from contacts with the third parties;[13] (2) contracting with a Delaware LLC for an agreement negotiated and executed outside of Delaware does

---

[10] 2022 WL 6735556 (D. Del.).
[11] *Id.* at *1.
[12] *Id.* at *3–5.
[13] *Id.* at *4.

not qualify as "transacting business" under Section 3104(c)(1);[14] (3) voluntarily litigating with third parties in Delaware is insufficient to constitute "transacting business" under Section 3104(c)(1) when those previous suits fail "to demonstrate any logical or causal relationship" to the instant case;[15] and (4) a plaintiff cannot rely on its own business losses to demonstrate that a defendant transacted business in Delaware.[16] In sum, the District Court explained:

> [T]he Policy at issue was negotiated and executed out-of-state, the coverage it provides is tied to premises located outside of Delaware, and the Policy does not specify any other locations from which [the plaintiff] derives revenue. [The plaintiff] has not argued that any other meaningful connections between the Policy and the state of Delaware exist. Thus, I conclude that [the plaintiff] has not established that [the defendant] has "transacted business" in this state within the meaning of § 3104(c)(1).[17]

The *YES Network* analysis is applicable to the instant case. Plaintiff has failed to establish that Defendant "transacted business" in Delaware within the meaning of Section 3104(c)(1). Therefore, this Court cannot exercise jurisdiction over Defendant under Section 3104(c)(1).

---

[14] *Id.* at *5 ("[S]ubsection (c)(1) 'requires some action by the defendant occurring in the State of Delaware.' The bare fact that [YES Network] is a Delaware LLC is therefore insufficient to satisfy subsection (c)(1)." (quoting *Fischer v. Hilton*, 549 F. Supp. 389, 391 (D. Del. 1982))).

[15] *Id.* at *4.

[16] *Id.* at *5 (citing *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014)).

[17] *Id.*

*Jurisdiction Under Section 3104(c)(6)*

Plaintiff also contends this Court may exercise personal jurisdiction under Section 3104(c)(6). Section 3104(c)(6) permits Delaware to exercise jurisdiction over a company that "[c]ontracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement:" (1) located within Delaware at the time the contract was made; (2) executed within Delaware at the time the contract was made; or (3) to be performed within Delaware at the time the contract was made.[18] Section 3104(a) makes clear that "[t]he term 'person' in this section includes any natural person, association, partnership or corporation."

Defendant argues that Section 3104(c)(6) does not grant jurisdiction to this Court because the property being insured is in New York. Plaintiff contends Section 3104(c)(6) does grant jurisdiction to this Court because Plaintiff is a Delaware LLC "located in Delaware" under the statute.[19]

Plaintiff is a Delaware LLC, which makes Plaintiff a "person" located in Delaware. However, Defendant did not insure Plaintiff. Rather, Defendant insured Plaintiff's property located in New York. Therefore, Defendant did not contract to insure a "person . . . located within Delaware at the time the contract

---

[18] 10 *Del. C.* § 3104(c)(6).
[19] Plaintiff failed to address this argument in its Answering Brief, though it did address the argument in its Response to Defendant's Supplemental Authority.

was made."[20]  Instead, Defendant contracted to insure property owned by a Delaware LLC.

This case is distinguishable from *Energy Transfer Equity, L.P. v. Twin City Fire Ins. Co.*,[21] where this Court granted jurisdiction over an insurer under Section 3104(c)(6).[22]  In *Energy Transfer*, the insurance policies at issue were "policies insuring the actions of officers and directors of Delaware corporate entities."[23]  The Court found that insuring the officers and directors of Delaware Corporate entities qualified as "'contracts to insure' a person . . . located and/or to be performed in Delaware at the time the Policies were issued."[24]  The insurance was directly insuring the Delaware entity's corporate fiduciaries.  Delaware has an interest in the activities of corporate fiduciaries and the management of Delaware corporate entities.

In contrast, the instant insurance policy is property insurance covering a New York property owned by a Delaware LLC.  The insurance is directly insuring property located in New York, rather than an entity or person in which Delaware

---

[20] 10 *Del. C.* § 3104(c)(6).
[21] 2020 WL 5757343 (Del. Super.).
[22] *Id.* at *5 (concluding Section 3104(c)(6) granted personal jurisdiction over an insurer because the insured was "located in Delaware" as an entity "organized and existing under the laws of the State of Delaware," and the policies "insur[ed] the actions of officers and directors of Delaware corporate entities").
[23] *Id.*
[24] *Id.*

9

has an interest.  The fact that the real property is owned by a Delaware LLC is tangential to the insurance coverage.

The Court finds Defendant did not contract to insure a "person . . . located within Delaware at the time the contract was made" under Section 3104(c)(6). Therefore, this Court may not exercise personal jurisdiction over Defendant under Section 3104(c)(6).  None of the other provisions in Section 3104(c) grant personal jurisdiction to this Court.  Because this Court cannot exercise personal jurisdiction over Defendant under Delaware's long-arm statute, it is not necessary to address Defendant's right to due process.[25]

### *Jurisdictional Discovery*

"[A] court may allow limited discovery before resolving a motion to dismiss for lack of personal jurisdiction."[26]  "Faced with a challenge to personal jurisdiction, plaintiffs are entitled to discovery if their assertion of jurisdiction is minimally plausible."[27]

Plaintiff argues that it is entitled to limited jurisdictional discovery to determine Defendant's knowledge of Plaintiff's connection to Delaware.  But even if Plaintiff could establish that Defendant knew of Plaintiff's connections to

---

[25] *YES Network*, 2022 WL 6735556, at *6.

[26] *Tell v. Roman Cath. Bishops of Diocese of Allentown*, 2010 WL 1691199, at *7 (Del. Super.).

[27] *Munoz v. Vazquez-Cifuentez*, 2019 WL 669935, at *5 (Del. Super.); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'").

Delaware, this would not have any bearing on the analysis under Section 3104(c)(1) or 3104(c)(6).  The instant case still would not sufficiently "arise from" Defendant's interactions with Delaware.  Nor would the insurance directly cover a person or entity in which Delaware has an interest.

Plaintiff also argues it is entitled to limited jurisdictional discovery to determine Defendant's connections to Delaware.  Plaintiff suggests that discovery would help it determine "whether [Defendant] has reinsurance for [Plaintiff]'s claim that it purchased from any Delaware companies, real estate owned or leased in the State, employees and agents in the State, premium income from Delaware, non-premium income sources from Delaware, advertisements directed to Delaware, and traffic on Strathmore's website or apps originating from Delaware."[28]  However, none of these determinations would help establish this Court's personal jurisdiction under Section 3104(c)(1) or 3104(c)(6).  The instant case still would not sufficiently "arise from" Defendant's interactions with Delaware.  Nor would the insurance directly cover a person or entity in which Delaware has an interest.

The Court finds limited jurisdictional discovery is not warranted.  Personal jurisdiction is not "minimally plausible."  No information obtained in the requested discovery would lead this Court to deny Defendant's Motion to

---

[28] Pl.'s Answering Br. at 20.

11

Dismiss.[29]  Therefore, the case must be dismissed under Delaware Superior Court Civil Rule 12(b)(2).

## CONCLUSION

The Court finds Plaintiff has failed to establish that Defendant "transacted business" in Delaware within the meaning of Section 3104(c)(1).  This Court also may not exercise personal jurisdiction over Defendant under Section 3104(c)(6). The Court finds limited jurisdictional discovery is not warranted.  Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss, and hereby **DENIES** Plaintiff's request for jurisdictional discovery.

Defendant's Motion to Strike Portions of Plaintiff's January 18, 2023 Response to Supplemental Authority is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____/s/ *Mary M. Johnston*_____
Judge Mary M. Johnston

---

[29] *See YES Network*, 2022 WL 6735556, at *5 n.2.